IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERMAN T. JOHNSON,

    Petitioner,                             CV F 04 6311 OWW WMW P

  vs.                                    ORDER GRANTING LEAVE TO
                                          FILE A CIVIL COMPLAINT

A. K. SCRIBNER, et al.,,

    Respondents.

       Plaintiff/Petitioner (plaintiff) is a state prisoner proceeding pro se. This action proceeds on a document filed by plaintiff titled as a petition for rehearing. The document consists of severl pages of rambling legal argument regarding plaintiff's constitutional rights. Plaintiff appears to be seeking relief by way of a name change. It appears that plaintiff is alleging that his request for name change has not been acted upon by either the California Department of Corrections or the state courts.

       Federal courts have power to hear only cases authorized by Article III of the Constitution and statutory enactments of Congress under 28 U.S.C. § 1331 or § 1332. <u>See</u> <u>Bender v. Williamsport Area School District</u>, 475 U.S. 534, 541 (1986); <u>see</u> also <u>Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 701 (1982) (jurisdiction of the lower federal courts is limited to those subjects encompassed within a statutory grant of jurisdiction). It is presumed that a case lies outside the jurisdiction of the federal courts unless

plaintiff proves otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376 (1994); Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221 (9th Cir. 1993); Thornhill Publishing Co. v. General Telephone & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979).

There are three possible bases for federal subject matter jurisdiction under the federal question doctrine: 1) reliance on federal constitutional or statutory law, 2) inartful pleading, and 3) substantial federal question. See Rains v. Criterion Systems, Inc., 80 F.3d 339 (9th Cir. 1996); also 28 U.S.C. § 1331. Plaintiff's complaint does not allege any facts on which it can be concluded that any of those grounds provides a valid basis for federal jurisdiction. Plaintiff's complaint makes no reference, direct or indirect, to federal law. Nor is it presumed that federal public policy is incorporated into plaintiff's allegations because he filed his complaint on a Civil Rights Act complaint form. Federal law does not appear to be a necessary element of plaintiff's claims which arguably can be asserted, as plaintiff does in his complaint, relying solely on state negligence law.

Nor is it apparent from plaintiff's complaint that federal subject matter jurisdiction is proper under 28 U.S.C. § 1332. There is no allegation regarding the diversity of citizenship of all plaintiffs and defendants. Defendant Lewis, the Warden at a California state prison, is presumed to be a citizen of the State of California. Plaintiff, an inmate at a California correctional facility, has not alleged the state of his citizenship. Plaintiff bears the burden of establishing federal subject matter jurisdiction with properly alleged facts. Where federal jurisdiction is pursuant to 28 U.S.C. § 1332, plaintiff must allege complete diversity of citizenship of the parties and an amount in dispute in excess of $75,000. Plaintiff's complaint does not contain such allegations.

Plaintiff is master of his complaint. See Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1394 (9th Cir. 1988). As such, plaintiff may avoid federal jurisdiction by exclusive reliance on state law. See Rains, 80 F.3d 339. Plaintiff's complaint only alleges

1  negligence against Warden Lewis.  The complaint asserts a claim arising under state law and
2  does not present a federal question.  The District Court lacks subject matter jurisdiction over
3  plaintiff's complaint.
4        Should plaintiff desire to proceed with a complaint pursuant to 42 U.S.C. § 1983,
5  he as advised that although the Federal Rules adopt a flexible pleading policy, a complaint must
6  give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Community</u>
7  <u>Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some
8  degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  <u>Id.</u>
9  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the
10 complaint must be dismissed.  The court will, however, grant leave to file an amended
11 complaint.
12       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
13 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>
14 <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
15 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
16 there is some affirmative link or connection between a defendant's actions and the claimed
17 deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.
18 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).
19       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
20 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
21 amended complaint be complete in itself without reference to any prior pleading.  This is
22 because, as a  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux</u>
23 <u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
24 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
25 original complaint, each claim and the involvement of each defendant must be sufficiently
26

1  alleged.

2          In accordance with the above, IT IS HEREBY ORDERED that:

3          1. Plaintiff's complaint is dismissed; and

4          2. Plaintiff is granted thirty days from the date of service of this order to file a
first amended complaint that complies with the requirements of the Civil Rights Act, the Federal
Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff
must file an original and two copies of the amended complaint; failure to file an amended
complaint in accordance with this order will result in a recommendation that this action be
dismissed.

          3. The Clerk's Office shall send to plaintiff a form for a civil rights action
pursuant to 42 U.S.C. § 1983.

IT IS SO ORDERED.

**Dated:   August 18, 2005**              /s/  William M. Wunderlich
mmkd34                                    UNITED STATES MAGISTRATE JUDGE