IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERMAN T. JOHNSON,

    Plaintiff,                           CV F 04 6311 OWW WMW P

    vs.                                ORDER DISMISSING
                                          FIRST AMENDED COMPLAINT
                                          WITH LEAVE TO AMEND

A. K. SCRIBNER, et al.,

    Defendants.

    This action proceeds on the January 23, 2006, first amended complaint. The first amended complaint is filed in response to an order dismissing the original complaint with leave to amend.

    The order dismissing the original complaint noted the following. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this lawsuit against officials of the CDCR. It appears that Plaintiff is alleging that h is request for a name change has not been acted upon by either the CDCR or the state courts.

    Federal courts have power to hear only cases authorized by Article III of the Constitution and statutory enactments of Congress under 28 U.S.C. § 1331 or § 1332. See Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986); see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982) (jurisdiction of the lower federal courts is limited to those subjects encompassed within a statutory grant of jurisdiction). It

is presumed that a case lies outside the jurisdiction of the federal courts unless plaintiff proves otherwise. <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 376 (1994); <u>Stock West, Inc. v. Confederated Tribes</u>, 873 F.2d 1221 (9th Cir. 1993); <u>Thornhill Publishing Co. v. General Telephone & Electronics Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979).

There are three possible bases for federal subject matter jurisdiction under the federal question doctrine: 1) reliance on federal constitutional or statutory law, 2) inartful pleading, and 3) substantial federal question. <u>See</u> <u>Rains v. Criterion Systems, Inc.</u>, 80 F.3d 339 (9th Cir. 1996); also 28 U.S.C. § 1331. Plaintiff's complaint does not allege any facts on which it can be concluded that any of those grounds provides a valid basis for federal jurisdiction.

The conduct charged to the defendants indicates that they are not acting on his name change application. Because Plaintiff failed charge any conduct that would provide a basis for federal jurisdiction, the complaint was dismissed.

In the first amended complaint, Plaintiff does not correct the deficiencies identified in the order dismissing the original complaint. Plaintiff's claim is essentially the same - his name change application has not been processed in a timely manner. In addition to monetary damages, Plaintiff seeks a court order directing Defendants to change his name.

Because Plaintiff has not corrected the deficiencies identified, the first amended complaint must be dismissed. Plaintiff will be given one further opportunity to correct the noted deficiencies. Plaintiff's failure to do so will result in a recommendation that this action be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's first amended complaint is dismissed; and

    2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

1  bear the docket number assigned this case and must be labeled "Second Amended Complaint."
2  Failure to file an amended complaint in accordance with this order will result in a
3  recommendation that this action be dismissed.
4
5
6  IT IS SO ORDERED.
7  **Dated:   January 14, 2008**          /s/  William M. Wunderlich
                                          UNITED STATES MAGISTRATE JUDGE
8